NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS PATRICK, | No. 20-55754 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00318-PLA |
| v. | |
| ORANGE COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Paul L. Abrams, Magistrate Judge, Presiding**

Submitted October 12, 2021***

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Nicholas Patrick appeals pro se from the district court's summary judgment

for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging excessive force and sexual harassment while he was detained at the Orange County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Patrick failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)); *Albino*, 747 F.3d at 1172 (explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion by excluding many of Patrick's exhibits because they were irrelevant to the issue before the court or constituted inadmissible hearsay. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (standard of review for district court's rulings concerning evidence in a summary judgment motion; district court must be affirmed "unless its evidentiary

ruling was manifestly erroneous and prejudicial").

**AFFIRMED.**